UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO MACIEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEAPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | **CASE NO. 1:16-cv-00996-DAD-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has declined Magistrate Judge jurisdiction. (ECF No. 7.) No other parties have appeared. Plaintiff's complaint is now before the Court for screening. (ECF No. 1.)

**I.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); see also Ketchum v. Cnty. of Alameda, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id.

### III. Plaintiff's Allegations

At all times relevant to this suit, Plaintiff was housed at Pleasant Valley State Prison ("PVSP") in Coalinga, California. He names the following Defendants: the California Department of Corrections and Rehabilitation ("CDCR"); John/Jane Doe, Secretary or Director of CDCR; Scott Frauenheim, Warden at PVSP; Donald B. McElroy, Chief Executive Officer ("CEO") at PVSP; Dr. O. Onyeje, Chief Physician and Surgeon at PVSP; Dr. F.J. Chokatos, Physician at PVSP; G.J. Fortune, Physician's Assistant ("PA") at PVSP; and John/Jane Does 1-5. He sues each in his or her personal and official capacities.

Plaintiff's allegations may be summarized as follows:

PVSP is located in the Central Valley of California, where there exists a severe risk of exposure to the coccidioidomycosis virus, commonly referred to as "valley fever" According to Plaintiff, the symptoms of valley fever often resemble those of the common cold or flu; after an individual appears to have recovered from valley fever, however, the disease may recur and present more serious symptoms such as fever, weight loss, or arthritic pain, and may ultimately lead to meningitis, pneumonia, or death. Plaintiff does not name his source for this information.

Plaintiff was transferred to PVSP on August 30, 2013. When Plaintiff arrived, he had no medical issues other than a skin irritation. On January 12, 2015, Plaintiff underwent a cocci skin test which tested positive for the valley fever fungus. The results meant that Plaintiff had been exposed to the fungus that causes valley fever at some point in his life; the results, however, did not mean that Plaintiff had an active valley fever infection. It is not clear from the complaint that Plaintiff has ever had an active valley fever infection.

On February 24, 2015, Plaintiff submitted an Inmate/Parolee Health Care Appeal Form 602-A ("602-A") complaining that he had "tested positive" for coccidioidomycosis and accusing the CDCR and Warden Frauenheim of deliberately disregarding Plaintiff's

health when they transferred Plaintiff to PVSP. Plaintiff requested medical treatment and monetary compensation. On April 13, 2015, Plaintiff was examined by PA Fortune who determined that Plaintiff did not have signs of an active valley fever infection and therefore treatment was not medically indicated. On April 15, 2015, Dr. Onyeje and CEO McElroy denied Plaintiff's 602-A for the same reasons given by PA Fortune. They also denied Plaintiff's request for monetary compensation.

Plaintiff's 602-A was denied at the Director's Level on July 20, 2015.

Plaintiff alleges that Defendants knew of the risk for exposure to valley fever in PVSP, but failed to protect Plaintiff from that risk. Plaintiff's fear of contracting valley fever has caused him emotional distress and anxiety. He seeks punitive and compensatory damages.

## IV.   Analysis

### A.   Linkage

Under § 1983, in order to state a claim against an official in his personal capacity, a plaintiff must demonstrate that each named defendant *personally* participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 . . . 'if he or she was

personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting Lolli v. Cty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003)); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Where a plaintiff alleges a defendant failed to intervene to stop the abuses of subordinate staff, he must allege that the supervisor defendant failed to intervene after being placed on notice of ongoing constitutional violations by subordinate staff. Starr, 652 F.3d at 1205-08.

Plaintiff's complaint fails to attribute any acts or omissions to Defendants CDCR Director Doe, Dr. Chokatos, or Does 1-5. The claims against these Defendants will be dismissed, albeit with leave to amend. Should Plaintiff choose to amend, he must connect each Defendant personally with an act or omission that led to violation of his constitutional rights.

**B.    Eleventh Amendment Immunity**

Plaintiff names the CDCR as a defendant. However, the Eleventh Amendment erects a general bar against federal lawsuits brought against the state and its agencies. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. See, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012). Thus, Plaintiff may not maintain a claim against CDCR. This defect is not capable of being cured by amendment.

Plaintiff may be able to proceed against individual agents of the CDCR, to the extent he is otherwise able to state a cognizable claim against them. However, to do so,

5

he must link each agent to the alleged unconstitutional conduct. If he is not able to identify CDCR agents by name, he may proceed against them as Does.

Generally, the use of Doe defendants is disfavored in federal court. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). The Court cannot order the Marshal to serve process on any Doe defendants until such defendants have been identified. See, e.g., Castaneda v. Foston, No. 1:12-cv-00026 WL 4816216, at *3 (E.D. Cal. Sept. 6, 2013). Plaintiff may, under certain circumstances, be given the opportunity to identify unknown defendants through discovery prior to service. Id. (plaintiff must be afforded an opportunity to identify unknown defendants through discovery unless it is clear that discovery would not uncover their identities). However, in order to proceed to discovery, Plaintiff must first state a cognizable claim. Additionally, Plaintiff must distinguish between Doe defendants by, for example, referring to them as "John Doe 2," "John Doe 3," and so on, and describe what each did or failed to do to violate Plaintiff's rights. See Ingram v. Brewer, No. 1:07-cv-00176-OWW-DLB, 2009 WL 89189 (E.D. Cal. January 12, 2009) ("In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.").

### C.    Official Capacity Claims

Plaintiff sues all named Defendants in both their personal and official capacities, and seeks only monetary damages. Plaintiff cannot recover money damages from individuals sued in their official capacities, Aholelei v. Dept. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted), because official capacity suits may seek only prospective or injunctive relief. See Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010).  Therefore, to the extent Plaintiff seeks monetary damages against all Defendants in their official capacities, those claims are barred by the Eleventh Amendment, and will be dismissed.  Plaintiff cannot cure this deficiency and will not be

given leave to amend this claim.

In addition to being limited to prospective relief, a plaintiff pursuing defendants in their official capacities must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). That is, the plaintiff must establish an affirmative causal link between the policy at issue and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992). Furthermore, although Plaintiff is permitted to pursue claims for injunctive relief against state actors in their official capacities, "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) (citing Hafer, 502 U.S. at 25.) "Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." Hartmann, 707 F.3d at 1127 (citing Los Angeles County v. Humphries, 562 U.S. 29, 35-36 (2010)).

Here, Plaintiff has not alleged the existence of any policy or custom that led to his injuries, nor has he asked for any prospective relief. All claims against Defendants in their official capacities will therefore be dismissed with leave to amend.

**D. Eighth Amendment Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). To maintain an Eighth

Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Subjective deliberate indifference involves two parts. Lemire v. Cal. Dept. of Corr. & Rehab., 726 F.3d 1062, 1078 (9th Cir. 2013). Plaintiff must demonstrate first that the risk was obvious or provide other circumstantial evidence that Defendants were aware of the substantial risk to his health or safety, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). "[A]n inadvertent

failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) (internal quotation marks omitted), *overruled in part on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Here, Plaintiff fails to state an Eighth Amendment claim against any Defendant. Plaintiff presents only two facts to support his claim that he faced a substantial risk of harm: the fact that PVSP is located in a region endemic for valley fever and a positive skin test indicating that Plaintiff had been exposed to the cocci fungus at some point in the past. He does not say he ever contracted the disease or faced a substantial risk of contracting it. Without more facts, the Court cannot conclude that Plaintiff faced or faces a serious risk of harm from valley fever at PVSP.

Further, Plaintiff has not demonstrated that any Defendant was deliberately indifferent. As to Plaintiff's claim that his placement at PVSP amounted to deliberate indifference, he makes only the vague claim that Warden Frauenheim acted with deliberate indifference when he housed Plaintiff at PVSP. He fails to link the remaining Defendants to the decision to house Plaintiff there. As to Plaintiff's dissatisfaction with the medical treatment he received, it appears he was examined by a medical professional and told that treatment was not medically indicated at that time. A difference in medical opinion between a prisoner and health care providers does not violate the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). At this juncture, Plaintiff's supposed harm is speculative, unfounded, and unattributable to Defendants. Plaintiff's Eighth Amendment claims will be dismissed with leave to amend.

The Court recognizes that valley fever has been shown to be endemic in the area where PVSP is located and that certain people, such as African-Americans, Hispanics, or individuals with compromised immune systems, tend to be more prone to infection

than others.[1] At present, however, Plaintiff's claims are too speculative to attribute liability to any Defendant. It is not clear that the named Defendants "knew" of the risk to Plaintiff, nor is it clear that Plaintiff himself faced a more substantial risk based on any characteristics particular to him. If Plaintiff chooses to amend, he must articulate why he was especially at risk of contracting the disease and how Defendants knew of his risk but deliberately disregarded it.

## V.     Conclusion and Order

Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted. He will be given thirty days from the date of this order to amend his complaint if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In the alternative, Plaintiff may file a notice of voluntary dismissal with the Court.  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

---

[1] See "Valley Fever Fact Sheet," available at the California Department of Public Health website (www.cdph.ca.gov).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's civil rights complaint (ECF No. 1) is dismissed with leave to amend.
2. The Clerk of Court shall send Plaintiff a blank civil rights amended complaint form and a copy of his complaint dated July 12, 2016.
3. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. File a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint or notify the Court in writing that he wishes to voluntarily dismiss this lawsuit, the undersigned will recommend this action be dismissed for failure to obey a Court order and failure to state a claim, subject to the "three strikes" provision of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   November 28, 2016              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE